IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE CALIHUA PANZO,<br><br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of the US. Immigration and Customs Enforcement; GABRIEL MARTINEZ, Acting Assistant Field Office Director of the Houston Field Office of U.S. Immigration and Customs Enforcement; and JOHN DOE, Warden, IAH Secure Adult Detention Facility, in their official capacities,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00368<br>JUDGE MICHAEL J. TRUNCALE |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court is Petitioner Jose Calihua Panzo (Panzo)'s Petition for Writ of Habeas Corpus (the Second Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Jose Calihua Panzo is a Mexican national. On October 27, 2025, United States Immigration and Customs Enforcement (ICE) detained Panzo. [Dkt. 1].

On January 19, 2026, Panzo brought a habeas corpus petition (the First Petition), claiming that that his detention violated the Immigration and Naturalization Act (INA)[1] and the Fifth Amendment

[1] 8 U.S.C. § 1101 et seq.

to the United States Constitution.[2] The Court denied Panzo's First Petition on March 10, 2026.[3] Panzo then filed his Second Petition on May 22, 2026. [Dkt. 1]. In his Second Petition, Panzo repeats the same arguments. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id.*

Here, Panzo's Second Petition re-states the same Fifth Amendment argument contained in his

---

[2] *See* Petition for Writ of Habeas Corpus, Calihua-Panzo v. Noem, No. 9:26-cv-34 (E.D. Tex. Jan. 19, 2026), Dkt. No. 1.

[3] *See* Order Denying Petition for Habeas Corpus, Calihua-Panzo v. Noem, No. 9:26-cv-34 (E.D. Tex. Mar. 10, 2026), Dkt. No. 2.

First Petition, along with several new constitutional claims.[4] Panzo offers no reason why these new claims could not have been raised in his First Petition. *See* [Dkt. 1]. Accordingly, Panzo's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

## IV. CONCLUSION

It is therefore **ORDERED** that Panzo's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 17th day of August, 2026.**

Michael J. Truncale
United States District Judge

[4] *Compare* [Dkt. 1] *with See* Petition for Writ of Habeas Corpus, Calihua-Panzo v. Noem, No. 9:26-cv-34 (E.D. Tex. Jan. 19, 2026), Dkt. No. 1.